UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EMILY G.                                                                    Plaintiff

v.                                                        Civil Action No. 3:23-cv-359

COMMISSIONER OF SOCIAL SECURITY                                Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff Emily G.[1] ("Emily") filed this action seeking review of the denial of disabilities benefits and supplemental security income by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The case was referred to United States Magistrate Judge Colin H. Lindsay who issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 17]. Emily timely filed objections [DE 18] and the Commissioner responded [DE 19]. Emily has not replied. The matter is ripe. For the reasons below, The Court **OVERRULES** Emily's Objections [DE 18] and **ACCEPTS** Magistrate Judge Lindsay's R&R without modification [DE 17].

I.       BACKGROUND

The R&R accurately sets forth the factual and procedural background of the case and is incorporated by reference. [DE 17 at 1632-34]. And Emily does not object to the factual record as set forth by the Magistrate Judge. [*See* DE 18]. In sum, Emily applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). [DE 1 at 1-2]. Emily's applications were denied initially and upon reconsideration. [DE 16 at 1624]. She then appeared before an administrative law judge ("ALJ") on September 28, 2022. [*Id.*]. The ALJ ruled against Emily,

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

and she requested an appeal to the Appeals Council, which was denied.  [DE 17 at 1634].  Because

the Appeals council denied Emily's review, the ALJ's decision became the final decision of the

Commissioner.  *See* 20 C.F.R. § 422.210(a) (2023).  Emily then sued to obtain judicial review of

the Commissioner's decision.  [DE 1].  Emily made two objections in her complaint: (1) that the

"Appeals Coun[cil] declined to consider the supplemental treating source statements offered by

[Dr.] Sameet S. Sohi and Kristen Huckleberry Koetter, APRN, based on a conclusion that 'this

additional evidence does not relate to the period at issue'" which is clearly erroneous, and (2) the

ALJ did not apply the correct analysis under SSR 19-4p.  [DE 12 at 1606].

After reviewing the record and relevant law, Magistrate Judge Lindsay found that the

ALJ's decision was supported by substantial evidence and rejected Emily's arguments. [DE 17].

Emily now objects to Magistrate Judge Lindsay's findings in the R&R, arguing again: (1) the

Appeals Council erred in its rejection of the additional medical source statements, and (2) the ALJ

failed to undertake the entire consideration mandated by SSR 19-4p.  [DE 18 at 1654].

## II.      DISCUSSION

### A.  Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a district court may "designate a magistrate judge to

conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed

findings of facts and recommendations for the disposition" of matters including review of the

Commissioner's final decision on disability insurance benefits.  This Court must "make a *de novo*

determination of those portions of the report or specific proposed findings or recommendations to

which objection is made."  28 U.S.C. § 636(b)(1)(C).  A specific objection "explain[s] and cite[s]

specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) (alterations in original) (citation omitted).  A general objection that fails

to identify specific factual or legal issues from the R&R is insufficient as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court may accept, reject, or modify the proposed findings or recommendations of the magistrate. *Id.*

However, an "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017) (citing *Howard*, 932 F.2d at 509 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").  "Rehashing or reiterating a previously raised argument to the Magistrate Judge is not a proper objection under Fed. R. Civ. P. 72(b), and the Court will review the R&R only for clear error." *Joyce L. v. O'Malley*, 2024 U.S. Dist. LEXIS 20481, *5.

**B.  Legal Objections**

Emily's objections to the R&R's findings are identical to the arguments made in her initial challenge of the ALJ's finding.  [*Compare* DE 12 *with* DE 18].  And as noted above, restating an argument previously made without explaining how the Magistrate Judge erred is inadequate to state an objection. Therefore, Emily's general objections and repetition of the arguments made in her initial challenge of the ALJ's decision cannot qualify as specific objections; thus, the Court need not review *de novo* the Magistrate Judge's report regarding Emily's objections. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018). Nevertheless, the Court has conducted its own review of the record and finds no error in the magistrate judge's findings and conclusion.

**CONCLUSION**

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Emily's Objections [DE 18] to the R&R are **OVERRULED.**

(2) The Report and Recommendation of the United States Magistrate Judge [DE 17] is

     **ACCEPTED** without modification as the findings of fact and conclusions of law of

     this Court.

Rebecca Grady Jennings, District Judge
United States District Court

September 18, 2024